IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Luis Ozorio,                                    )
*a/k/a Luis A. Ozorio,*                         )
*a/k/a Luiz Alonzo Ozorio*,                     )       Case No. 8:14-cv-03688-RMG-JDA
                                                )
        Petitioner,                             )
                                                )
        v.                                      )       **REPORT AND RECOMMENDATION**
                                                )       **OF MAGISTRATE JUDGE**
Warden Perry Correctional Institution,          )
                                                )
        Respondent.                             )
_____ )

        This matter is before the Court on Respondent's motion for summary judgment.

[Doc. 15.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28

U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule

73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for

relief and submit findings and recommendations to the District Court.

        Petitioner filed this Petition for writ of habeas corpus on September 15, 2014.[1]  [Doc.

1.]  On December 1, 2014, Respondent filed a motion for summary judgment and a return

and memorandum.  [Docs. 14, 15.]  On December 2, 2014, the Court filed an Order

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the

summary judgment procedure and of the possible consequences if he failed to adequately

respond to the motion.  [Doc. 16.]  Petitioner filed a response in opposition on January 5,

2015.  [Doc. 22.]

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison
authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).
Accordingly, this action was filed on September 15, 2014.  [Doc. 1-2 (envelope marked as
received by prison mailroom on September 15, 2014).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Anderson County. [Doc. 1 at 1.] Petitioner was indicted in October 2009 for trafficking in cocaine, 400 grams or more. [Doc. 14-4.] On September 21, 2011, represented by Joenathan Shelly Chaplin ("Chaplin") and Nicole Latonya Singletary,[2] Petitioner entered a guilty plea. [App. 6–35.[3]] Petitioner was sentenced to 18 years for drugs/trafficking in cocaine, 28 grams or more, but less than 100 grams-first offense. [App. 34, 36; Doc. 1 at 1.]

**PCR Application[4]**

On December 9, 2011, Tom W. Dunaway, III ("Dunaway"), filed on Petitioner's behalf an application for post-conviction relief ("PCR"), in which Petitioner alleged he was being held in custody unlawfully based on the following ground, quoted substantially verbatim

---

[2]Although Petitioner was represented at trial by two attorneys, his PCR application and Petition appear to allege ineffective assistance of trial counsel only against Chaplin. [*E.g.*, Docs. 1 at 12 (listing only Chaplin as trial counsel in the Petition); 1-1 at 12 (listing only Chaplin in Petitioner's Statement of Facts); 14-6 at 6 (listing only Chaplin in Petitioner's PCR application).]

[3]The Appendix can be found at Docket Entry Numbers 14-1 through 14-3.

[4]On September 22, 2011, Petitioner timely filed and served a Notice of Appeal [Doc. 14-5]; however, no appeal was taken in Petitioner's case.

2

(a)  My attorney did not provide me with effective assistance of counsel due to the following:

    I.   Plea counsel was ineffective in failing to communicate the State's initial twelve (12) year plea offer resulting in prejudice to me by plea counsel's deficient performance and deprived me of my right to effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution and by Article I, §§ 3 and 14 of the South Carolina Constitution.

    ii.   Plea Counsel's conduct in not communicating initial plea offer constituted unreasonable performance under the prevailing professional standards established by the American Bar Association and/or state-specific professional rules of professional conduct.

    iii.   Plea Counsel's failure to communicate the initial twelve (12) year plea deal before I accepted the eighteen (18) year plea deal prevented me from making a voluntary, intelligent and informative decision on whether or not to accept the plea offer among the alternative courses of action open to me.

    iv.   My attorney failed to keep me informed throughout my case regarding important developments in the course of the prosecution which prevented me from making a voluntary plea of guilty because I was never advised of my right to pursue other courses of action and I did not have a full understanding of the consequences of my plea as required under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

    v.   But for plea counsel's deficient performance and resulting prejudice due to counsel's failure to communicate and inform me of my options at the plea hearing, specifically the availability of the State's initial twelve (12) year plea offer, I would not have pled guilty to the eighteen (18) year sentence imposed upon me.

3

vi. The Plea Counsel's advice to accept the eighteen (18) year plea deal over the previous twelve (12) year plea deal which was offered but never conveyed to me by plea counsel fell outside of the reasonable range of competence demanded of attorneys in criminal cases and prejudiced my ability to weigh all of my options and make an informed decision on whether to go to trial or accept the plea offer.

vii. The eighteen (18) year plea deal which I agreed to was entered into without a full understanding of the resulting consequences and alternative courses of action available to me.

viii. Plea Counsel's representation fell below the objective standard of reasonableness because there is a reasonable probability that, but for Plea Counsel's failure to communicate the initial twelve (12) year plea offer, I would not have pled guilty, but would have either accepted the initial plea offer or insisted on going to trial.

[Doc. 14-6 at 3–4.] Petitioner also filed a "Memorandum of Law in Support of Applicant's Application for Post-Conviction Relief," which contained additional legal support for his arguments. [Doc. 14-6 at 8–14.] The State filed a return on March 6, 2012. [App. 47–51.]

An evidentiary hearing concerning the application was held on March 6, 2012, at which Petitioner was represented by Dunaway. [App. 62–119.] By an order signed on May 17, 2012, the PCR court denied and dismissed the PCR application with prejudice. [App. 125–137.]

A notice of appeal was timely filed. Dunaway filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina, signed August 25, 2012, asserting the following as the sole issue presented:

4

> Did the circuit court err in holding that petitioner's trial counsel was not ineffective in failing to communicate or disclose the State's initial twelve-year plea offer to petitioner?

[Doc. 14-8 at 3.] The State filed a return [Doc. 14-10] and Petitioner filed a reply [Doc. 14-11].

The South Carolina Court of Appeals denied the petition on April 21, 2014 [Doc. 14-12] and remitted the matter to the lower court on May 7, 2014 [Doc. 14-13].

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on September 15, 2014. [Doc. 1.] In his Petition, Petitioner raises the following ground for relief, quoted substantially verbatim:

**Ground One**:          Ineffective Assistance of Counsel

*Supporting Facts*:      SEE ATTACHED STATEMENT OF FACTS

[Doc. 1 at 5.] In his attachment to his Petition, labeled "Statement of Facts," Petitioner alleged the following, quoted substantially verbatim:

> On September 21, 2011, Petitioner entered a plea of guilty to a lesser included offense of trafficking cocaine 28 to 100 grams 1st offense. Upon Counsel's advice Petitioner pled guilty and was sentenced to eighteen (18) years. No direct appeal was pursued.

> Petitioner filed for post conviction relief claiming he was denied the Constitutional Effective Assistance of Counsel when (Joenathan S. Chaplin) failed to inform Petitioner or his interpreter that the State had offered a twelve (12) year plea deal.

> During the PCR hearing the Prosecutor (Rame Campbell) was called as a witness. Campbell testified that he personally faxed Petitioner's counsel a plea offer of twelve (12) years December 23, 2010. Campbell also testified that he could not remember if Counsel ever requested a sentence of

less than twelve, but he did remember that the offer of 12-years was never discussed by Counsel prior to Petitioner entering the plea to eighteen (18) years based on Counsel's erroneous advice.

Petitioner testified during the PCR hearing that the initial twelve (12) year plea offer was never transmitted or discussed with him, nor did he ever understand that he had an opportunity to plea to the initial 12-year offer, (emphasis supplied).

Petitioner also presented the testimony of two witnesses that substantiated Petitioner's claim that he never met with his Counsel without at least one if not both of them present, in which both testified that the twelve year plea offer was never discussed with Petitioner. It should be noted that Petitioner does not speak or understand english and therefore was required to use an interpreter (Mr.Gilberto de Luna Gonzalez), who also submitted a sworn affidavit that he (Gonzalez) had been privy to [all] the conversations between Petitioner and Counsel and the Court and at no time was Petitioner or the interpreter advised the Solicitor made a twelve-year plea offer.

It should be noted that the Solicitor testified that he did in fact fax a 12-year plea offer to Counsel December 23, 2010, but Counsel testified during the PCR hearing that he had [no] documentation representing that Petitioner ever received any notification from Counsel to Petitioner advising Petitioner of the Solicitor's 12-year offer.

Petitioner further testified that he would have never taken the 18-year plea offer [if] he had been advised about the 12-year offer.

Ultimately the PCR denied relief and the issue of Counsel's deficient performance regarding ineffective assistance of counsel was rejected by the South Carolina Court of Appeals as well. It is therefore, Petitioner's allegation that he was denied State PCR Court and State Appellate's Court's decisions in denying relief was not only contrary to clearly established federal law, but the subsequent reviewing Court's decisions were also objectively unreasonable in light of the evidence presented.

> There is without a doubt been a sufficient showing of Counsel's deficient performance in failing to inform Petitioner of the State's 12-year plea offer. The Solicitor and Counsel testified during the PCR hearing that the State originally offered the Petitioner a 12-year offer, but Counsel failed to inform Petitioner of any offer at all. It was especially unfair because Petitioner's "interpreter" also stated he was <u>never</u> informed either.
>
> Petitioner clearly testified that had this (12-year) offer been communicated to him he surely would <u>not</u> have accepted 18-years. The prejudice incurred is easily seen as Counsel's deficient performance has subjected Petitioner to an additional 6-years of losing his liberty.
>
> Petitioner would submit that the State PCR Court and subsequent reviewing Court's decision was in error.
>
> Petitioner is entitled to federal habeas relief on this issue and respectfully asks this Honorable Court to either grant the writ and order Petitioner's release from custody, or order a new hearing with instructions to resentence Petitioner to the original 12-years.

[Doc. 1-1 (alterations in original).]

As stated, on December 1, 2014, Respondent filed a motion for summary judgment. [Doc. 15.] On January 5, 2015, Petitioner filed a response in opposition. [Doc. 22.] Accordingly, Respondent's motion is ripe for review.

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under

7

this less stringent standard, however, the pro se petition still may be subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

8

allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56© has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (I) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5] Further, strict time deadlines govern direct appeal and the filing

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant

12

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the Supreme Court of South Carolina is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the Supreme Court of South Carolina] in criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the Supreme Court of South Carolina's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re*

---

to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

### Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

16

## DISCUSSION

Under the AEDPA, a federal court may not grant habeas relief unless the underlying

state court decision was contrary to or an unreasonable application of federal law, as

determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an

unreasonable determination of the facts before the court, *id.* § 2254(d)(2).  The Supreme

Court has held the "contrary to" and "unreasonable application of" clauses present two

different avenues for relief.  *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth

Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses

independent meaning.").  The Court stated there are two instances when a state court

decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly
> established precedent if the state court applies a rule that
> contradicts the governing law set forth in our cases. . . . A
> state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts
> that are materially indistinguishable from a decision of this
> Court and nevertheless arrives at a result different from our
> precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of

Supreme Court precedent when the decision "correctly identifies the governing legal rule

but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see*

*also Richter*, 131 S.Ct. at 786 ("Under § 2254(d), a habeas court must determine what

arguments or theories supported or, as here, could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that

those arguments or theories are inconsistent with the holding in a prior decision of this

Court. . . . It bears repeating that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[6]  *Richter*, 131 S.Ct. at 785.  "A state court must be granted a deference and

---

[6]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. 668, 687 (1984).  To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692.  The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The Supreme Court further explained,

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial.  For example, where the alleged error of

18

latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court addressed Chaplin's performance under the standards set forth in *Strickland* and *Hill v. Lockhart*, 474 U.S. 52 (1985). [App. 131.] The PCR court found

> that plea counsel informed Applicant of the initial twelve (12) year plea offer. Additionally, this Court finds that plea counsel

---

> counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." *Id.*, 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill*, 474 U.S. at 59–60.

19

discussed the options available to Applicant in terms of benefits and drawbacks of pleading guilty versus proceedings to trial, however, Applicant chose to proceed to trial.

Defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. Missouri v. Frye, No. 10-444, 566 U.S. ___ (2012). Where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer Strickland's inquiry into whether "the result of the proceeding would have been different," 466 U.S. at 694, requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed. Id. The Applicant by his own testimony continues to maintain that he wants a new trial because he is innocent of the charge. The Applicant did not testify that he would have accepted the twelve (12) year plea offer had he been informed by plea counsel of the offer, but that Applicant would have merely considered the twelve (12) year offer. This Court finds that Applicant failed to meet his burden of proof in showing that plea counsel's performance was deficient. This Court finds that Applicant failed to prove any resulting prejudice, therefore, Applicant's claims for ineffective assistance of counsel are denied and dismissed.

***

Based on all the forgoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application for post conviction relief. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

[App. 133–34, 136.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* and *Hill* standards, which are the applicable Supreme Court precedents. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a

decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  The PCR court concluded Petitioner failed to establish both that Chaplin had not rendered reasonable effective assistance under prevailing professional norms and that Petitioner was prejudiced as a result of his representation.  [App. 134.]

Further, the record supports the PCR court's determination.  Petitioner asserts that he was not informed of the 12-year offer and that he would not have pled guilty to 18 years had he known of the prior offer.  [App. 89–91.]  However, the PCR court found that Petitioner's testimony was not credible and that Chaplin's testimony was credible.  [App. 133.]  The PCR court's determination with respect to credibility is entitled to deference. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).  Chaplin testified at the hearing that he had received the 12-year plea offer by fax and that he informed Petitioner of the plea offer approximately two weeks after he received it.[7]  [App. 97, 99.]  Chaplin stated that he explained to Petitioner the options of accepting the plea offer or proceeding to trial.  [*Id.*]  Chaplin testified that he explained and Applicant understood that the 12-year offer would be taken away if Petitioner proceeded with the suppression hearing.  [App. 100.] Moreover, Chaplin testified that between the time he informed Petitioner of the 12-year offer and the

---

[7]The Court notes that Elsa Lisama, Petitioner's partner, testified that either she, Petitioner's interpreter, or both, were present every time Petitioner met with Chaplin.  [App. 83.] Elsa Lisama further testified that she never heard Chaplin inform Petitioner of the 12-year offer.  [*Id.*]  Gonzalez, Petitioner's Spanish interpreter, testified that he could not remember Chaplin and Petitioner discussing a 12-year plea agreement [App. 75–76]; however, he further testified that he was not present during every meeting between Petitioner and Chaplin [App. 80.]

suppression hearing, Petitioner never indicated that he wanted to take the plea and not proceed to trial. [App. 106.]

Additionally, the PCR Court correctly points out that Petitioner testified that he was innocent of the underlying charges and maintained throughout the PCR hearing that he had wanted to proceed to trial [App. 91]; however, Petitioner never stated that he would have taken the 12-year offer if not for Chaplin's ineffective assistance of counsel. *See Missouri v. Frye*, — U.S. —, 132 S.Ct. 1399, 1410, (2012) ("In a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland*'s inquiry into whether 'the result of the proceeding would have been different,' 466 U.S., at 694, 104 S.Ct. 2052, requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed."). Accordingly, the record supports the PCR court's determination that Petitioner failed to demonstrate either prong of the *Strickland* standard. Thus, the Court concludes the PCR court's decision was neither contrary to nor an unreasonable application of applicable Supreme Court precedent, and, accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motions for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
United States Magistrate Judge

July 8, 2015
Greenville, South Carolina