IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Luis Ozorio, a/k/a Luis A. Ozorio, Luiz Alonzo Ozorio, ) ) ) Petitioner, ) ) vs. ) ) Warden, Perry Correctional Institution, ) ) ) Respondent. ) ) ) | Civil Action No. 8:14-3688<br><br>ORDER |

This petition for a writ of habeas corpus comes before the Court on a Report and Recommendation ("R & R") of the Magistrate Judge recommending that Respondent's motion for summary judgment be granted and the petition be denied. (Dkt. No. 24). Petitioner has filed objections to the R & R. (Dkt. No. 26). As set forth further below, the Court adopts the R & R as the order of the Court, grants the Respondent's motion for summary judgment and dismisses this action with prejudice.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate." 28 U.S.C. § 636(b)(1). The Court is charged with a making a *de novo* determination of those specific portions of the R & R to which objection has been made. *Diamond v. Colonial Life & Acc. Ins.*

*Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Further, "a determination of a factual issue by a State court shall be presume to be correct", and a federal court may not overturn a state court's credibility judgment unless "the state court's error [is] stark and clear." 28 U.S.C. 2254(e); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008).

For a state habeas petitioner to prevail on a claim of ineffective assistance of counsel, the Petitioner must demonstrate (1) counsel made one or more errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proeceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The legal representation afforded the Petitioner must have been so inadequate that it "undermined the proper functioning of the adversarial process." *Id.* at 686.

## Discussion

Petitioner made various technical objections to the Magistrate Judge's findings and recommendations, but all turn on the issue of whether Petitioner's state trial counsel disclosed to him a plea offer from the prosecutor of 12 years. Petitioner testified at the State Post Conviction Relief ("PCR") hearing that he was never advised of the 12 year plea offer and subsequently

accepted a less attractive plea offer of 18 years. Trial counsel testified at the State PCR hearing that he fully disclosed the 12 year plea offer and that Petitioner informed counsel at that time that he was innocent and wanted to proceed to trial. Petitioner faced at that time a potential 25 year mandatory minimum sentence. Later, after failing to suppress certain critical evidence, the prosecutor offered a plea deal of 18 years with the dismissal of related charges against Petitioner's partner, which Petitioner accepted. (Dkt. No. 14-3 at 39-41). In the course of his state plea colloquy, Petitioner admitted he was guilty.

The State PCR court considered the testimony of Petitioner, defense counsel and other witnesses, and found that the Petitioner's testimony was "not credible" and defense counsel's testimony was "credible." (*Id.* at 44). The State PCR court determined that Petitioner failed to establish ineffective assistance of counsel or that he was in any way prejudiced by trial counsel's representation. (*Id.* at 44-45).

The Magistrate Judge reviewed the record evidence and concluded under controlling legal standards for habeas petitions and claims of ineffective assistance of counsel that Respondent was entitled to summary judgment as a matter of law. This was because Petitioner had failed to demonstrate that the PCR court's denial of the ineffective assistance of counsel claim was "contrary to [or] an unreasonable application of applicable Supreme Court precedent." (Dkt. No. 24 at 20). The Magistrate Judge further concluded that "Petitioner failed to establish both that [defense counsel] had not rendered reasonable effective assistance under prevailing professional norms and that Petitioner was prejudiced as a result of his representation." (*Id.* at 21).

## Conclusion

After a careful review of the R & R, record evidence, Petitioner's objections and

applicable legal standards, the Court finds that Magistrate Judge ably set forth the factual and legal issues in this matter and correctly concluded that Respondent is entitled to summary judgment as a matter of law. Therefore, the Court (1) **ADOPTS** the R & R (Dkt. No. 24) as the order of the Court; (2) **GRANTS** Respondent's motion for summary judgment; and (3) **DISMISSES** the petition with prejudice.

## Certificate of Appealability

The governing law, 28 U.S.C. § 2253(c), provides that:

(C)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right;

(C)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by Paragraph (C)(2).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

July 28, 2015
Charleston, South Carolina